FILED
2020 Oct-07  PM 05:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CLAYTON SMALLS, JR.,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **BLAIR LOGISTICS, LLC,** | ) | |
| | ) | |
| **DEFENDANT.** | | |

## COMPLAINT

## I. JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1367, 1343 and 28 U.S.C. § 2201 and 2202. This is a suit authorized and instituted pursuant to the Americans with Disabilities Act/Americans with Disabilities Act Amendments Act ("ADA/ADAAA"), Section 504 of the Rehabilitation Act of 1973 and the Family Medical Leave Act. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 12102, 42 U.S.C. § 12131 and 29 U.S.C. §§ 706, 794 *et seq.*, as amended, and the FMLA, providing injunctive and other relief against disability discrimination in employment, retaliation and violations of the FMLA and ADA/ADAAA.

1

## II. PARTIES

2.      Plaintiff, Clayton Smalls , is a male citizen of the United States and is a resident of Jonesboro, Georgia.

3.      Defendant, Blair Logistics, LLC, is a federally authorized and regulated motor carrier headquartered in Birmingham, Alabama and employs at least fifteen (15) or more employees and is an employer within the meaning of the ADA/ADAAA and Rehabilitation Act and fifty (50) or more employees pursuant to the FMLA within a seventy-five mile radius.

### III. ADMINISTRATIVE PROCEDURES

4.      Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

5.      Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation that occurred as a result of the actions of Blair Logistics, LLC.

6.      This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendants from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of disability discrimination and retaliation.

2

7.    On February 25, 2020, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). (Exhibit 1, Plaintiff's EEOC Charge).

8.    Plaintiff's Dismissal and Notice of Rights was mailed by the EEOC to the Plaintiff on July 10, 2020, and Plaintiff has filed suit within ninety (90) days of receipt of his Dismissal and Notice of Rights. (Exhibit 2, Plaintiff's Notice of Right to Sue).

9.    All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLIAMS

### STATEMENT OF FACTS

10.    Plaintiff was hired by the Defendant in 2011 as a Truck Driver in the Transportation Department.

11.    Plaintiff worked as a fulltime employee during his employment with Defendant.

12.    On or about September 1, 2019, Plaintiff was hospitalized unexpectedly due to a gunshot wound and was in the ICU for approximately nineteen days.

13.    Plaintiff notified the Defendant on or about September 1, 2019, of his unexpected injury and hospitalization and Plaintiff was assured that his position with

Defendant was secure.

14.     On or about September 12, 2019, while Plaintiff was still in the hospital, Defendant terminated Plaintiff's employment.

15.     On September 19, 2019, Plaintiff was released from the ICU after being hospitalized for 19 days.

16.     On November 25, 2019, Plaintiff was told by Shad Conrad, dispatcher, that he was still employed with Blair Logistics, however, Plaintiff would have to reapply for employment attend orientation again.

17.     As instructed, Plaintiff submitted an application for his open and available Truck Driver position.

18.     When Plaintiff did not receive a response from the Defendant, he contacted Megan Bumper, Director of Recruiting, on December 3, 2019.

19.     Megan Bumper advised Plaintiff that he needed to speak with the Director of Safety, Jeff Loggins.

20.     As instructed, Plaintiff contacted Mr. Loggins and spoke with him on December 6, 2019, and Mr. Loggins informed Plaintiff that he could not return to work with Defendant because Defendant had given his truck and route to another driver.

21.     Defendant terminated Plaintiff on or about September 12, 2019 and denied him FMLA leave and interfered with Plaintiff's FMLA rights.

4

22.     Defendant perceived or regarded Plaintiff as disabled and refused to accommodate Plaintiff and/or allow Plaintiff to remain employed terminating Plaintiff's employment on or about September 12, 2019 while Plaintiff was in the hospital.

23.     Defendant, upon information and belief, has a habit and/or practice of discriminating against disabled employees and denying or interfering with employee's FMLA rights.

24.     Defendant's illegal discriminatory, retaliatory, and adverse actions injured Plaintiff.

25.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

26.     Defendant condoned and tolerated discrimination, retaliation, and other adverse actions toward Plaintiff.

27.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

28.     Plaintiff has satisfied all administrative prerequisites to bring this claim.

## COUNT ONE

## PLAINTIFF'S ADA/ADAAA CLAIMS

29.     Plaintiff alleges and incorporates paragraphs one (1) through twenty-eight (289) as if fully set forth herein.

30.     Plaintiff is a qualified individual with the disability and/or has been regarded as or perceived to be disabled by his employer, the Defendant.

31.     Plaintiff sought medical treatment for his disabilities.

32.     Defendant was aware of Plaintiff's disability and had a record of Plaintiff's disability.

33.     Defendant perceived or regarded Plaintiff as a person with a disability.

34.     Defendant perceived or regarded Plaintiff as having a disability that affected his major life functions.

35.     Plaintiff's disabilities could be reasonably accommodated.

36.     Defendant failed to reasonably accommodate Plaintiff's disabilities and terminated Plaintiff on or about September 12, 2019, while Plaintiff was hospitalized.

37.     Defendant unlawfully and intentionally terminated Plaintiff's employment based in part on Plaintiff's disability and exercise of his federally protected rights.

38.     Defendant is believed to be a recipient of federal funding.

39.    As a proximate result of Defendant's discrimination and retaliation, Plaintiff has suffered financial loss, loss of employment and career advancement, loss of retirement, and emotional distress.

40.    Plaintiff seeks all equitable and/or prospective relief available at law from Defendant, including, but not limited to, specific performance, declaratory judgment, reinstatement, injunctive relief, surcharge, damages, or such other relief the Court may award.

41.    Plaintiff seeks all relief available at law from Defendant, including, but not limited to, lost wages, lost benefits, lost retirement, loss of future earnings, compensatory damages, emotional distress damages, costs, interest, and attorney's fees.

42.    WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.    Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the ADA/ADAAA;

b.    Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating the ADA/ADAAA;

c.    Grant Plaintiff an Order requiring Defendant make him whole by

7

granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.    Plaintiff prays for such other, further, different, or additional relief and benefits as justice may require.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S CLAIMS PURSUANT TO FMLA

43.    Plaintiff adopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

44.    Plaintiff began working for the Defendant in 2011 as a Truck Driver.

45.    On or about September 1, 2019, Plaintiff suffered an unexpected injury and had to be hospitalized.

46.    Plaintiff informed his employer of his unexpected injury and hospitalization.

47.    Plaintiff was in the hospital's ICU for approximately nineteen days.

48.    Plaintiff was terminated on or about September 12, 2019, while he was in the hospital and in ICU.

49.    Defendant denied Plaintiff leave pursuant to the FMLA and interfered with Plaintiff's FMLA rights.

50.    Defendant took adverse actions against Plaintiff because of his need for leave under the FMLA.

8

51.     Defendant has denied Plaintiff FMLA protections and rights and terminated Plaintiff, interfering with Plaintiff's FMLA protections and rights in violation of the FMLA.

52.     Defendant's actions as described herein are willful.

53.     As a result of Defendant's unlawful actions and violations of the FMLA as herein described, Plaintiff has suffered termination, lost wages, lost salary, loss of employment benefits and/or other compensation.

54.     Plaintiff seeks all equitable and/or prospective relief available at law from Defendant, including, but not limited to, specific performance, declaratory judgment, liquidated damages, reinstatement, injunctive relief, surcharge, damages, or such other relief the Court may award.

55.     Plaintiff seeks all relief available at law from Defendant, including, but not limited to, lost wages, lost benefits, lost retirement, loss of future earnings, liquidated damages, costs, interest, and attorney's fees, declaratory judgment and any other relief the Court may award.

56.     WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.     Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Family Medical Leave Act;

b.      Grant Plaintiff a permanent injunction enjoining Defendant, its Agents,

Successors, Employees, Attorneys, and those acting in concert with Defendant or at

Defendant's request from violating the Family Medical Leave Act;

c.      Grant Plaintiff an Order requiring the Defendant to make her whole by

granting appropriate declaratory relief, lost wages, backpay, front pay, liquidated

damages, interest, attorney fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different, or additional

relief  and  benefits as justice may require.


**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

Respectfully submitted,

_____
CYNTHIA FORMAN WILKINSON
State Bar ID No: ASB-9950-L68C
Attorney for Plaintiff


**OF COUNSEL:**
WILKINSON LAW FIRM, PC
1717 3rd Avenue North, Suite A
Tel: (205) 250-7866
Fax:(205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS**:

Mr. Clayton Smalls
c/o WILKINSON LAW FIRM, PC
1717 3rd Avenue North, Suite A
Birmingham, Alabama 35203

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:**

COPORATION SERVICE COMPANY, INC.
641 South Lawrence Street
Montgomery, AL 36104

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | | AGENCY | | CHARGE NUMBER |
|---|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | | FEPA | | |
| | | EEOC | | |
| and EEOC | | | | |

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.)<br>Clayton Jerome Smalls, Jr. | | HOME TELEPHONE (Include Area Code) | |
|---|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | SSN: | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Blair Logistics | NUMBER OF EMPLOYEES, MEMBERS<br>100+ | | TELEPHONE (Include Area Code)<br>205-241-8002 | |
|---|---|---|---|---|
| STREET ADDRESS<br>201 19th Street | CITY, STATE AND ZIP CODE<br>Ensley, AL, 35211 | | | COUNTY<br>Jefferson |
| NAME | | TELEPHONE NUMBER (Include Area Code) | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| RACE   COLOR   SEX   RELIGION   AGE<br><br>XX RETALIATION   NATIONAL   ORIGIN   XX DISABILITY   OTHER (Hostile Work Environment) | EARLIEST (ADEA/EPA)       LATEST (ALL)<br><br>Sept. 1, 2019 to Dec. 6 ,2019<br><br>CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):   I was employed with Blair Logistics in November 2011 in the Transportation Department as a Truck Driver. On September 1, 2019, I was hospitalized at Grand Strand Medical Center in Myrtle Beach, South Carolina where I received treatment for a gunshot wound to the face until September 19, 2019. I was in ICU for 19 days. I informed my dispatcher, Shad Conrad, of this incident the day of the incident, September 1, 2019. I was assured by Mr. Conrad that when I recovered, my position at Blair Logistics would be secured and all management would be informed of my hospitalization. On September 12, 2019, I received a letter stating that I was terminated due to a breach of the Lease Contract with Blair Logistics, and that my truck had been chosen by another driver for lease. During the remainder of the month of September 2019 and throughout October 2019, I received several surgeries for the gunshot wound and spent time recovering. On November 25, 2019, I was told by my dispatcher, Mr. Conrad, that I was still employed with Blair Logistics, however, I would have to attend orientation again. Once I was released by a doctor to go back to work, I sent another application for Blair Logistics. On December 3, 2019, I called Megan Bumper, Director of Recruiting, to check the status of my application and I was told to speak with the Director of Safety, Jeff Loggins. I spoke with Mr. Loggins on December 6, 2019, and he informed me I could not return to Blair Logistics due to another driver retrieving my lease purchase truck and claimed he was unaware of my hospitalization.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate filling with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br><br>Date 24/02/2020   Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>24/02/2020<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |

ADAM GARRETT SHULMAN
NOTARY PUBLIC–NOTARY SEAL
STATE OF MISSOURI–JACKSON COUNTY
COMMISSION #18963816
MY COMMISSION EXPIRES: APR 1, 2022

Subscribed and affirmed before me this 24 day of Feb , 20 20

Clayton Smalls, Jr. v. Blair Logistics
EEOC Charge
Page 2

I offered all documentation and hospital records of my treatment during the time I was absent, but Mr. Loggins refused to accept them. I have been discriminated against and fired because of my disability and/or regarded as disabled by my employer in violation of the ADA and ADAAA.

FEB 2 5

# EXHIBIT 2

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: **Clayton Smalls** | From: **Birmingham District Office**<br>**Ridge Park Place**<br>**1130 22nd Street South**<br>**Birmingham, AL 35205** |
|---|---|

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2020-01460** | **MERCEDES RICARDO,**<br>**Investigator** | **(205) 651-7069** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Sheri Guenster
Digitally signed by Sheri Guenster
DN: cn=Sheri Guenster, o=EEOC, ou=Birmingham District Office, email=sheri.guenster@eeoc.gov, c=US
Date: 2020.07.10 12:59:25 -05'00'

/for                                    July 10, 2020

Enclosures(s)                    **BRADLEY A. ANDERSON,**          *(Date Mailed)*
                                          **District Director**

cc:   **BLAIR LOGISTICS**                              Cynthia Wilkinson, Esquire
      **c/o John-Thomas Young, General Counsel**       WILKINSON LAW FIRM, PC
      **1927 1st Avenue North Suite 701**              1717 3rd Avenue North Suite A
      **Birmingham, AL 35203**                         Birmingham, AL 35203
      **jtyoung@pstransportinc.com**